IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ANZONI QUEZADA-BARAJAS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-166-KC |
| § | |
| PAMELA BONDI et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Anzoni Quezada-Barajas's Petition for a Writ of Habeas Corpus, ECF No. 1. Quezada-Barajas is detained at the ERO Camp East Montana facility in El Paso, Texas. *Id.* ¶ 16. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 1, 19–47.

Quezada-Barajas entered the United States in 2024, and upon entry, Immigration and Customs Enforcement ("ICE") apprehended Quezada-Barajas and released him on his own recognizance. *Id.* ¶ 15. ICE detained Quezada-Barajas again on January 16, 2026, during a routine check-in. *Id.* In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Quezada-Barajas's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Quezada-Barajas's case warrant a different outcome" by February 3, 2026. *Id.* at 1–2.

Respondents have now filed a Response, ECF No. 3. Respondents concede that "there are no material factual differences" between this case and the Court's prior rulings, which

"would control the result in this case." *Id.* at 1.  Respondents cite this Court's decision in *Tisighe v. De Anda-Ybarra et al.*, No. 3:25-cv-593-KC (W.D. Tex. Dec. 5, 2025), as well as six decisions issued by other judges in the Western District of Texas.  *See id.* at 1–2.  Instead of reprising the same legal arguments that this Court rejected in *Tisighe*,[1] Respondents "preserve[] all rights" and "incorporate by reference the legal arguments" they raised in *Tisighe* and other cases in this District.  *Id.* at 3.

As Respondents acknowledge that this case is materially indistinguishable from this Court's prior decisions, it follows that the same result is warranted here.  Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Quezada-Barajas 's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, <u>**on or before February 11, 2026**</u>, Respondents shall either: (1) provide Quezada-Barajas with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Quezada-Barajas's continued detention; or (2) release Quezada-Barajas from custody, under reasonable conditions of supervision.

---

[1]  In *Tisighe* this Court rejected Respondents' boilerplate arguments for the same reasons it rejected those arguments in its previous immigration habeas decisions.  *See* Order, *Tisighe v. De Anda-Ybarra*, No. 3:25-cv-593, at *2 (W.D. Tex. Dec. 5, 2025), ECF No. 4 (citing *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13).

[2] The relevant facts are undisputed, *see generally* Resp., and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

**IT IS FURTHER ORDERED** that, <u>**on or before February 11, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Quezada-Barajas has been released from custody. If Quezada-Barajas has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the February 11, 2026, deadlines**</u>.

**SO ORDERED**.

**SIGNED** this 4th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE