**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| ANZONI QUEZADA-BARAJAS, | § § § | |
| Petitioner, | § § | |
| v. | § | CAUSE NO. EP-26-CV-166-KC |
| PAMELA BONDI et al., | § § § § | |
| Respondents. | § | |

**ORDER**

On this day, the Court considered Anzoni Quezada-Baraja's Motion for Immediate Release, ECF No. 7.  On February 4, 2026, the Court granted in part Quezada-Barajas's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision.  *See* Feb. 4, 2026, Order 2, ECF No. 5.  Respondents were to comply by no later than February 11, 2026.  *Id.*

On February 11, 2026, Respondents filed a Status Report, ECF No. 6, stating that Quezada-Barajas was denied bond because an IJ found that he presented a flight risk.  *Id.* Ex. A ("IJ Order"), ECF No. 6-1.  Thereafter, Quezada-Barajas filed his Motion for Immediate Release arguing that he did not receive a constitutionally adequate bond hearing because Respondents did not meet their burden of establishing Quezada-Barajas presented a flight risk or danger to the community by clear and convincing evidence.  *See generally* Mot.  Quezada-Barajas also states

that his counsel "was not notified of the bond hearing . . . and, therefore, was not present for it." *Id.* at 4 n. 2.

The Court is tasked, in this habeas proceeding, with determining whether Petitioner is detained without due process. And due process requires that Petitioner receive "the opportunity to be heard and . . . a meaningful assessment of whether he is dangerous or likely to abscond." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 686 (W.D. Tex. 2025). This Court, however, lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond. *Id.* at 678–79 (citing 8 U.S.C. § 1226(e)). To the extent Quezada-Barajas challenges the IJ's flight risk findings or requests that the Court reweigh the evidence, the Motion is denied.

However, Quezada-Barajas also states that his immigration attorney was not present at his bond hearing because she did not receive notice of it, and was not aware that the bond hearing took place. Mot. 4 n. 2. Individuals have a right to counsel in proceedings before an immigration judge, so long as they are represented "at no expense to the Government"—in other words, so long as they hire their own attorney. *See* 8 U.S.C. § 1362. Here, Quezada-Barajas had procured counsel on his own behalf. Yet, counsel was not provided notice of the bond hearing and did not attend. Therefore, further clarification is needed to fully assess whether Quezada-Barajas received a constitutionally adequate hearing.

Accordingly, the Court **ORDERS** that <u>**by no later than February 24, 2026**</u>, Respondents shall **FILE** a response addressing Quezada-Barajas's Motion. Particularly, Respondents are to state whether Quezada Barajas' counsel was given notice of the bond hearing; if not, then why; and their position as to what the absence of counsel at the bond hearing means for this habeas case.

**SO ORDERED**.

**SIGNED this 14th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE